IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 07-692 |
| ) | |
| MAGAZINE SOLUTIONS, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

AMBROSE, Chief District Judge.

### MEMORANDUM OPINION AND ORDER

On June 20, 2007, I heard argument and testimony and received exhibits from Plaintiff The Federal Trade Commission ("FTC") and Defendants (collectively referred to as "Magazine Solutions") on the issue of whether Magazine Solutions should be preliminarily enjoined from making certain misrepresentations in connection with the sale of magazines as well as from the continued collection of money from its consumers. At the conclusion of the hearing, and based in part upon Magazine Solutions' concession that it would no longer engage in the sale of magazines, I issued an Order enjoining Magazine Solutions from misrepresenting anything to consumers and from violating the Federal Trade Commission Act and the Telemarketing Rule. See Transcript, p. 108 at Docket No. [42-2].[1] However, I initially denied the injunction on the issue of continued collection, but permitted the

---

[1] I denied the Motion with respect to relief against Barbara DeRiggi and James Rushnock.

parties to submit briefs on the issue.

Having reviewed the briefs, I find that an injunction against the collection practices is warranted. The FTC has identified numerous state solicitation statutes which, on the whole, invalidate any telephone solicitation sale not confirmed by a written agreement containing the consumer's signature. See Docket No. [42-2], "Attachment B."[2] There is no evidence that Magazine Solutions has any written agreements containing the consumer's signature. The recordings of the "verification calls" do not satisfy the state solicitation statutes. Absent a valid and enforceable contract, Magazine Solutions is not entitled to engage in collection practices against the consumer. Consequently, the "equities" do not favor Magazine Solutions.

Significantly, Magazine Solutions has not offered any defense to the state solicitation statutes argument. Indeed, though the FTC raised the issue in the brief it submitted in advance of the hearing and again raised the issue during the hearing, Magazine Solutions' Supplemental Brief discusses only the state statutes of fraud.[3] Because there is no dispute that all of Magazine Solutions' sales are done

---

[2] The FTC's "Attachment B" also references statutes which invalidate any contracts not capable of being performed within 15 months and which require a certain number of days to be given to cancel after the consumer has signed a written agreement. I decline to enjoin collection procedures on the basis of these statutes, however, because the FTC did not brief these statutes nor explain how Magazine Solutions has violated these statutes.

[3] Magazine Solutions notes that the majority of statutes of frauds contain exceptions arising where the parties have performed the contract. Magazine Solutions has not identified similar exceptions with respect to the solicitation statutes.

2

over the telephone, which brings them within the purview of the state telephone solicitation statutes, I find that an injunction with respect to the collection procedures is warranted as follows:

1. Magazine Solutions is preliminarily enjoined from engaging in continued collection practices with respect to any consumer living in a state where a telephone solicitation statute is in place (as set forth in "Attachment B" to the FTC's submission) unless and until Magazine Solutions can produce a written contract containing that consumer's signature. I direct Magazine Solutions and the FTC to work together in determining the particular consumers from whom Magazine Solutions is prohibited from collecting money.

2. Magazine Solutions is prohibited from placing negative information on consumers' credit reports with respect to any consumer whose account is subject to the preliminary injunction set forth above.

3. Magazine Solutions is not enjoined from engaging in continued collection practices with respect to any consumers living elsewhere.

4. I decline to order an asset freeze with respect to Magazine Solutions or to require Defendant Martinelli to preserve his assets at this juncture. The FTC has not convinced me that a possibility exists that such assets will be dissipated. Furthermore, it is unknown at this juncture how many of Magazine Solutions' accounts will be subject to the collection injunction. If, however, during the pendency of this case, the FTC learns of facts suggesting that Magazine Solutions and / or Martinelli is dissipating assets, it has leave of Court to ask again for such relief.

5. A Case Management Conference is scheduled for _Aug. 27_, 2007 at _11:00_ a.m.

BY THE COURT:

*Donetta W. Ambrose*
Donetta W. Ambrose,
Chief U.S. District Judge

Dated:     August 16, 2007