IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| -vs- | ) |
| | ) Civil Action No. 07-692 |
| | ) |
| MAGAZINE SOLUTIONS, LLC., et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

MEMORANDUM OPINION AND ORDER OF COURT

Plaintiff Federal Trade Commission ("FTC") has filed a Motion to Strike Defendants' Affirmative Defenses. See Docket No. [45]. The FTC contends that several defenses, characterized as "affirmative defenses," by Defendants Magazine Solutions, LLC, United Publishers' Service, Inc. and Joseph Martinelli (collectively referred to as "Magazine Solutions") and by Defendants Barbara DeRiggi and James Rushnock are redundant, insufficient and immaterial to the issues of this case. Accordingly, the FTC asks that the defenses be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. The Motion is granted in part and denied in part as set forth below.

As my colleague recently observed, "[g]enerally, motions to strike under Rule 12(f) are not favored by federal courts and will be denied unless the allegations have no possible relation to the controversy or if they confuse the issues." DIRECTV, Inc. v. Figler, Civ. No. 4-773, 2006 WL 318825 at * 1 (W.D. Pa. Feb. 9, 2006) (citations

1

omitted). However, a district court may grant a Rule 12(f) motion in at least three circumstances:

> (1) where the matter pleaded is not an affirmative defense;
>
> (2) where the matter pleaded is not pleaded adequately within the meaning of Rules 8 and 9; and
>
> (3) where the matter pleaded would not withstand a Rule 12(b)(6) challenge.

DIRECTV, 2006 WL at * 1 (citations omitted).

Even a cursory review of the challenged affirmative defenses reveals that a majority of them constitute mere denials of the factual allegations set forth in the Complaint rather than true affirmative defenses. For this reason, I will grant the FTC's Motion to Strike Magazine Solutions' Second, Third, Fourth, and Fifth "affirmative" defenses and DeRiggi's and Rushnock's Second, Third, Fourth, and Fifth "affirmative" defenses.

Additionally, I find that Magazine Solutions' Seventh affirmative defense and DeRiggi's and Rushnock's Eighth affirmative defense should be stricken because the contention that FTC's claims are barred by the doctrine of laches would not withstand a Rule 12(b)(6) challenge. The FTC has directed this Court's attention to a number of cases which stand for the proposition that laches is an insufficient defense when it is asserted against a United States agency which seeks to enforce a public right or protect a public interest. See Docket No. [46], p. 4, citing, U.S. v. Summerlin, 310 U.S. 414 (1940); United States v. St. John's General Hospital, 875 F.2d

1064, 1071 (3d Cir. 1989) and <u>FTC v. Crescent Publishing Group, Inc.</u>, 129 F. Supp.2d 311, 324 (S.D. N.Y. 2001). The Defendants concede as much, stating that "the current state of the law apparently precludes such a defense." <u>See</u> Docket No. [48], p. 6. Nevertheless, they ask that this Court use its "broad discretion" to preserve the issue. I decline to do so.

The only remaining affirmative defenses, then, are that the Complaint fails to state a claim; that the claims are barred by the doctrine of estoppel; and that DeRiggi and Rushnock did not have the authority to make corporate policy for Defendants Magazine Solutions or United Publishers. I decline to strike these defenses. I do not find them to be redundant, insufficient or immaterial to the matters at issue in this case.

THEREFORE, this **25th** day of September, 2007, it is Ordered that Plaintiff's Motion to Strike (Docket No. 45) is Granted in part and Denied in part as set forth above.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge