IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-692 |
| | ) | |
| MAGAZINE SOLUTIONS, LLC et al | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Chief District Judge

## MEMORANDUM OPINION
### and
### ORDER OF COURT

On December 19, 2007, Plaintiff Federal Trade Commission ("FTC") filed a Motion For An Order To Preserve Assets. See Docket No. [70]. The Court, having considered the FTC's Motion, Memorandum in Support thereof, and exhibits, as well as the Defendants' response,[1] finds that an Order requiring the Defendants to preserve the assets of Defendants United Publishers' Service, Inc. and Magazine Solutions, LLC is appropriate and necessary to preserve the Court's authority to grant

---

[1] I note that though the Defendants made numerous arguments regarding loans Defendant Joseph Martinelli made to Magazine Solutions, the Defendants have failed to provide any documentation in support of these assertions. Absent such documentation, I am inclined to agree with the FTC that payments from corporate accounts for child support, tuition, haircuts and music lessons are not legitimate business expenses paid in the ordinary course of business.

effective final equitable monetary relief for consumers.

AND NOW, THIS 16TH DAY OF JANUARY, 2008, IT IS THEREFORE ORDERED AS FOLLOWS:

   I. DEFINITIONS:

For the purposes of this Order, the following definitions shall apply:

1. "**Business Defendants**" means Magazine Solutions, LLC, also d/b/a MagazineSolutions, United Publishers' Service, and Read-N-Save America, and each of them.

2. "**Individual Defendant**" means Joseph Martinelli, individually and as an officer of Magazine Solutions, LLC, and United Publishers' Service, Inc.

3. "**Defendants**" means Business Defendants and Individual Defendant and each of them.

4. "**Assets**" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, premises, contracts, mail or other deliveries, shares of stock, lists of consumer names, inventory, checks, notes, accounts, credits, receivables, funds, and all cash, wherever located, and shall include existing assets and assets acquired after the date of entry of this Order, and all proceeds of any of the foregoing received upon the sale, transfer or other disposition thereof (whether or not such sale, transfer, or other disposition is permitted or authorized pursuant to this Order).

5. "**Person**" means a natural person, organization or other legal entity, including a corporation, partnership, proprietorship, association, cooperative,

government or governmental subdivision or agency, or any other group or combination acting as an entity.

## II. ASSET PRESERVATION

IT IS FURTHER ORDERED that the Defendants, their successors, assigns, agents, servants, officers, shareholders, employees and those Persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, or other device, are hereby restrained and enjoined, until further Order of this Court, from directly or indirectly, selling, liquidating, assigning, transferring, converting, loaning, encumbering, pledging, concealing, dissipating, spending, withdrawing, or otherwise disposing of any of the Business Defendants' Assets, wherever located, including any Assets outside the territorial United States, which are owned and controlled by them, or held in their possession, other than those expenditures or transfers for ordinary business expenses that the Business Defendants will reasonably incur in the ordinary course of their business. The Assets affected by this Paragraph shall include both existing Assets and Assets acquired after the effective date of this Order, including without limitation, those acquired by loan or gift.

The Business Defendants shall, upon request to their attorney by the FTC, on a monthly basis, produce copies of all documents reflecting all transfers or expenditures of any Asset, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, and bank records (including monthly statements, canceled checks, records of wire

transfers, and check registers).

The Business Defendants shall also, upon request to their attorney by the FTC, provide evidence that a particular expenditure was for an ordinary business expense.

### III. DISTRIBUTION OF ORDER

IT IS FURTHER ORDERED that Defendants shall immediately provide a copy of this Order to all their officers, agents, servants and employees, and all other Persons in active concert or participation with them, within five (5) business days from the date of the entry of this Order, and shall immediately thereafter serve upon counsel for the FTC a sworn statement that the Defendants have complied with this provision of this Order, which statement shall include the names and addresses of each such person who has received a copy of the Order.

BY THE COURT:

/s/ Donetta W. Ambrose
    Donetta W. Ambrose,
    Chief U.S. District Judge