IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,                )<br>                                                                  )<br>                                    Plaintiff,    )<br>                        v.                             )<br>                                                                  )<br>MAGAZINE SOLUTIONS, LLC,      )<br>        a Pennsylvania limited liability   )<br>company, also d/b/a MAGAZINE      )<br>SOLUTIONS, UNITED PUBLISHERS'  )<br>SERVICE, READ-N-SAVE AMERICA,  )<br>                                                                  )<br>UNITED PUBLISHERS' SERVICE, INC.,  )<br>        a Pennsylvania corporation, also   )<br>d/b/a MAGAZINE SOLUTIONS,           )<br>MAGAZINE SOLUTIONS, READ-N-    )<br>SAVE AMERICA,                                   )<br>                                                                  )<br>JOSEPH MARTINELLI,                         )<br>        individually and as an officer of     )<br>MAGAZINE SOLUTIONS, LLC            )<br>UNITED PUBLISHERS' SERVICE, INC.,  )<br>                                                                  )<br>BARBARA DeRIGGI, a/k/a                 )<br>BARBARA NICELY,                            )<br>        individually and as a manager of   )<br>MAGAZINE SOLUTIONS, LLC,           )<br>UNITED PUBLISHERS' SERVICE, INC.  )<br>and                                                          )<br>                                                                  )<br>JAMES RUSHNOCK, a/k/a JAY GILBERT,  )<br>        individually and as a manger of     )<br>MAGAZINE SOLUTIONS, LLC,           )<br>UNITED PUBLISHERS' SERVICE, INC.,  )<br>                                                                  )<br>                                    Defendants.) | Civil Action No.:  07-692 |

## **<u>DEFENDANT BARBARA DeRIGGI'S<br>MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT</u>**

Defendant Barbara DeRiggi by and through her counsel, Anthony E. Patterson, Esquire respectfully submits the following Memorandum in Support of Summary Judgment:

1

## INTRODUCTION

The Federal Trade Commission ("FTC") has brought the instant case against Defendants, alleging violations of Section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §45(a), and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310.  Specifically, the FTC has alleged that Defendant United Publishers' Service, Inc. ("UPS") and/or Magazine Solutions, LLC (the "Corporate Defendants") are in the business of selling magazine subscriptions and coupons over the telephone.  It is the FTC's assertion that the Corporate Defendants have made material misrepresentations regarding the value of the services offered, the enforceability of the verbal agreements, the collection methods, and the terms and conditions of the products and services being offered.  With respect to Defendant Barbara DeRiggi, the FTC has alleged violations of the FTCA and the TSR in conjunction with her employment at the Corporate Defendants.

## STANDARD FOR SUMMARY JUDGMENT

Under Rule 56 (c) of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986).  The moving party bears the initial burden of demonstrating the absence of genuine issues of material fact. Celotex, 477 U.S. at 322-23.  A non-moving party may not rest upon mere allegations, general denials, or vague statements in opposition to a summary judgment motion.  If the non-moving party's evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  Bixler v. Central Penna. Teamsters Health &

2

Welfare Fund, 12 F. 3d 1292 (3d Cir. 1993); Trap Rock Indus. Inc. v. Local 825, Int'l Union of Operating Engineers, 982 F.2d 884, 980-91 (3d Cir.1992).  The Court must draw all inferences in the light most favorable to the non-moving party.  Pastore v. Bell Tel. Co. of Penna., 24 F.3d 508, 512 (3d Cir. 1994).

  A genuine issue of material fact for trial does not exist unless the party opposing the motion can adduce evidence which, when considered in light of that party's burden of proof at trial, could be the basis for a jury finding in that party's favor.  J.E. Mamiye & Sons, Inc. v. Fidelity Bank, 813 F.2d 610, 618 (3d Cir. 1987).

### STATEMENT OF MATERIAL FACTS

#### Defendant Joseph Martinelli controls the Corporate Defendants

  The Corporate Defendants promote and sell a magazine subscription service over the telephone.  **(Complaint ¶¶ 6 and 13)**  Defendant Joseph Martinelli is the sole shareholder, president, secretary and treasurer of Defendant United Publisher Service, Inc.  **(Martinelli Depo. Pg. 7) (Hearing Transcript Pg. 104)**  Defendant Joseph Martinelli is the sole owner and corporate manager of Defendant Magazine Solutions, LLC.  **(Martinelli Depo. Pg. 8)  (Hearing Transcript Pg. 104)**  Defendant Barbara DeRiggi has never been an owner, officer and/or director of Defendant United Publishers Service, Inc.  **(Hearing Transcript Pg. 105)**  Defendant Barbara DeRiggi has never been an owner or the corporate manager for Defendant Magazine Solutions, LLC.  **(Hearing Transcript Pg. 105)**  Defendant Joseph Martinelli has the sole authority to set company policy within the Corporate Defendants.  **(Hearing Transcript Pg. 105)**  Defendant Joseph Martinelli is the sole person who created the scripts the telemarketers use at Magazine Solutions.  **(Hearing Transcript Pg. 105)**

3

<u>Barbara DeRiggi is merely an employee of Magazine Solutions</u>

As part of its business, Defendant Magazine Solutions would contact consumers over the phone in order to sell magazine subscriptions.  The telemarketers were required to follow a script when speaking with the consumer and were not permitted to deviate from the script.  **(Martinelli Depo. Pg. 11 and 12)**  Defendant Barbara DeRiggi is an employee of Defendant UPS and/or Defendant Magazine Solutions, and her job title is controller.  **(DeRiggi Depo. Pg. 13 and 14)**  Defendant DeRiggi's job duties were and are primarily administrative, including without limitation, completing payroll, paying bills, bookkeeping, typing, getting the mail managing the clerical workers and placing orders with the magazine clearing house.  **(DeRiggi Depo. Pg. 243)**

Defendant DeRiggi did not have any role in developing the sales procedures Defendant United Publishers Service, Inc. or Magazine Solutions, LLC use.  **(Hearing Transcript Pg. 105 and 106)** Defendant DeRiggi does not have the authority to change company policy regarding sales procedures.  **(Hearing Transcript Pg. 106)** Defendant DeRiggi did not have any responsibility at the Corporate Defendants with respect to the telemarketing employees.  **(DeRiggi Depo. Pg. 15)  (Hearing Transcript Pg. 106)**  Defendant DeRiggi neither wrote the telemarketing scripts nor did she have any role in writing the scripts used by the telemarketers at Defendant Magazine Solutions.  **(DeRiggi Depo. Pg. 24) (Hearing Transcript Pg. 105)**  Defendant DeRiggi did not speak with consumers over the phone.  **(DeRiggi Depo. Pg. 132)**

## ARGUMENT

DEFENDANT DERIGGI IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS THE FTC CANNOT ESTABLISH THAT SHE PARTICIPATED DIRECTLY IN THE BUSINESS ENTITY'S ALLEGED DECEPTIVE ACTS OR PRACTICES OR HAD THE AUTHORITY TO CONTROL THEM

To establish that an act or practice is deceptive under §5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §45(a), the FTC must demonstrate that the business entity made material representations likely to mislead ordinary consumers to their detriment[1]. FTC v. Freecom Communications, Inc., 401 F.3d 1192, 1203 (10th Cir. 2005). In order to find an individual responsible for the business entity's acts, the FTC must prove that the individual participated directly in the business entity's deceptive acts or practices, or had the authority to control them. FTC v. Freecom Communications, Inc., 401 F.3d at 1203. Authority to control a company can be evidenced by active involvement in business affairs *and* the making of corporate policy, including assuming the duties of a corporate officer. FTC v. Amy Travel Service, Inc., at 573. (emphasis supplied)

An individual's corporate status, standing alone, is insufficient to support individual liability for a violation of the FTCA. Coro v. Federal Trade Commission, 338 F.2d 149 (1st Cir. 1964), cert denied, 380 U.S. 954(1965)(refusing to find individual liability for corporation's president, chairman of the board and largest stockholder for unlawful trade practices).

---

[1] Defendant Barbara DeRiggi does not concede that the Corporate Defendants made material misrepresentations likely to mislead ordinary consumers to their detriment. For purposes of Summary Judgment only, Defendant DeRiggi will forgo making her arguments in defense of those allegations.

5

Where it is not shown that an individual knew, should have known, or was recklessly indifferent to the violation, that individual cannot be held liable regardless of the corporate position held by that individual. In <u>Coro</u>, 338 F.2d at 154, the First Circuit found that there was no basis to hold an officer and shareholder individually responsible for violations of the FTCA even where he admitted that he "had overall corporate responsibility and responsibility for the acts and practices of the corporation". Notwithstanding that admission, the Court held that ***"[i]n the absence of evidence of personal involvement in [the corporate entity's] unlawful conduct", the complaint against the individual officer and shareholder should be dismissed***. <u>Id</u>.

The TSR makes it unlawful for telemarketers to misrepresent any material aspect of the performance, efficacy, nature, or central characteristics of goods or services that are the subject of a sales offer. 16 C.F.R. 310.

The FTC cannot establish that Barbara DeRiggi participated directly in the business entity's alleged deceptive acts or practices or had the authority to control them. The FTC has alleged that the Corporate Defendants have violated the FTCA and/or the TSR by allegedly making material misrepresentations during telephone calls to consumers to sell magazine subscription services and/or coupons; by using an allegedly deceptive telemarketing "script"; by allegedly failing to provide the coupons as promised; and by using allegedly deceptive collection efforts.

<u>The FTC's Purported Evidence of Participation or Authority to Control</u>

In response to Defendant DeRiggi's Interrogatories, Plaintiff set forth the evidence that it relies upon against Defendant DeRiggi in its Answers to Interrogatories as follows:

6

1. In Paragraph 8 of the Complaint, you state that Ms. DeRiggi has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in the Complaint. With respect to that allegation, state:

    a. each and every fact that supports that allegation; and

    b. any and all documents evidencing, relating and/or referring to that allegation.

**ANSWER:**

    a. . . . Subject to these objections and reservations, and without waiving the same, Plaintiff directs Defendants to the facts set out in the various filings and exhibits in this matter, including but not limited to Plaintiff's Brief in Support of Motion for Preliminary Injunction at docket # 6 and exhibits thereto; and the fact that Defendant DeRiggi is the general manager and the controller of the Corporate Defendants; wrote and reviewed the telemarketing scripts used by the Corporate Defendants' telemarketers; deals directly with consumers; handles consumer complaints; makes misrepresentations to consumers; negotiates with consumers; binds the Corporate Defendants to termination agreements with consumers; has access to tape recordings made by Defendants; is the contact with Defendants' magazine clearinghouse; orders, cancels and pays for magazine subscriptions; completes bookkeeping and has signature authority for the Corporate Defendants.

\* \* \*

Subject to these objections and reservations, and without waiving the same, PX 11 p. 2 nos. 6 and 7; PX 7 Att. B and C; PX 43; PX 20 ¶ 27 and Att. F; PX 22 ¶ 17 and Att. F; PX 25 Att. B p. 2; PX 37 ¶ 9 and Att. B; PX 50; various consumer complaints and attachments to those complaints, provided to Defendants in response to Defendants Barbara DeRiggi and James Rushnock's First Request for Production of Documents to Plaintiff, Request 1; various admissions contained in Defendants Barbara DeRiggi and James Rushnock's Opposition to Motion for Preliminary Injunction at docket # 31; copies of letters and mailers signed by Barbara DeRiggi and Barbara Nicely to consumers.

<u>Counts I, IV and V</u>

In Count I, the FTC attempts to make a claim against Defendant DeRiggi alleging that Defendant Magazine Solutions made misrepresentations to consumers that the consumer will receive valuable coupons worth at least $1,000 and thus, violated the

7

FTCA.  In Counts IV and V, the FTC alleges that Defendants violated the TSR by failing to disclose the purpose of the call and failing to disclose the total costs of the program.  The FTC is required to establish that Defendant DeRiggi participated directly in those misrepresentations or had the authority to control them.

The misrepresentations allegedly made in Counts I, IV and V are all related to the sales and telemarketing aspect of the business.  There is absolutely no evidence that Defendant DeRiggi made any misrepresentation to any consumer at any time.  In fact, the evidence is to the contrary.  Defendant DeRiggi had no authority over the sales department whatsoever.  Defendant Martinelli was the sole creator of the scripts used by the telemarketers.  Defendant DeRiggi did not have the authority to change the scripts.  She neither made sales calls nor did she speak to consumers relating to sales.  She did not supervise any employees in the sales department or the customer service department.  Defendant DeRiggi did not have authority to make or change company policy.  Defendant DeRiggi was the manager for the clerical department.  Her duties were primarily administrative.  Defendant Martinelli decided what coupon company to use and made all of the decisions relating to sales procedures and literature.  In short, Defendant DeRiggi was an employee in another department isolated from the telemarketing aspect of the business.

The FTC apparently relies upon the fact that Defendant DeRiggi is listed as the general manager on the company's web-site.  Defendant DeRiggi is *not* the general manager, did not take any part in the creation of the web-site and did not review it prior to its posting.  Regardless, Defendant DeRiggi cannot be held responsible simply because of her title.  See Coro.  Defendant DeRiggi did not review and write the telemarketing

scripts as stated by the FTC. The FTC's assertion is based upon an answer to the Civil Investigative Demand that was prepared prior to the institution of this case where Magazine Solutions incorrectly stated that Defendant DeRiggi assisted in the preparation of the "scripts". That information was incorrect as stated at the Preliminary Injunction hearing in this case **(Hearing Transcript Pg. 105)** and Defendant DeRiggi's Deposition **(DeRiggi Depo. Pg. 24)**

The FTC makes conclusory allegations that Defendant DeRiggi deals directly with consumers; handles consumer complaints; makes misrepresentations to consumers; negotiates with consumers; binds the Corporate Defendants to termination agreements with consumers. There are no facts in this case to support those allegations, and the evidence is quite the opposite.

The fact that Defendant DeRiggi has access to tape recordings made by Defendants; is the contact with Defendants' magazine clearinghouse; orders, cancels and pays for magazine subscriptions; completes bookkeeping and has signature authority for the Corporate Defendants is woefully insufficient to establish that she participated in the alleged misconduct or had the authority to control it. None of the above allegations sustain such a claim. The facts here do not show that she was involved in corporate policy decisions, or that she undertook any controlling act other than basic office administration.

There is no genuine issue of material fact regarding Counts I, IV and V and Defendant DeRiggi is entitled to judgment as a matter of law on those counts.

### Count II and Count III

In Count II, the FTC alleges that Defendants misrepresent that consumers are legally obligated to pay for Defendants' services in alleged violation of the FTCA. In Count III, the FTC alleges that Defendants misrepresent that they will initiate legal action to collect payment for their services in alleged violation of the FTCA.

Defendant DeRiggi was not part of the collection department and had no authority over the employees in the collection department. She did not make collections calls. She did not draft the collections letters that were sent to the customers, and she did not speak with customers regarding collection matters. **(Hearing Transcript Pg. 106 and 107)** Defendant DeRiggi did not have authority to implement and/or change company policy, and Defendant Martinelli had the sole authority to settle customer contracts.

There is simply no evidence that connects Defendant DeRiggi in any way to the collections department or the Corporate Defendant's collection practices. Accordingly, there is no genuine issue of material fact regarding Counts II and III and Defendant DeRiggi is entitled to judgment as a matter of law on those counts.

### Count VI

In Count VI, the FTC alleges that Defendants violated the TSR by making "false and/or misleading statements to induce persons to pay for goods or services- including, but not limited to, representations that consumers will receive valuable coupons worth at least $1000; the consumer has entered into a contract with Defendants and is legally obligated to pay; and that Defendants will bring legal action to collect the debt."

As set forth above, Defendant DeRiggi did not participate in those alleged misrepresentations and had no authority to control the same. There is no genuine issue of material fact regarding Count VI and Defendant DeRiggi is entitled to judgment as a matter of law on Count VI.

### Count VII

In Count VII of Plaintiff's Complaint, the FTC alleges that Defendants violate the TSR by allegedly misrepresenting "a material aspect of the nature or terms of [Magazine Solutions'] cancellation policy-including, but not limited to, the representation that consumers can cancel at any time.

There is no evidence that Defendant DeRiggi made any representation to any consumer regarding the cancellation policy. The cancellation policy is clearly set forth on the mail order agreement sent to the consumer. Defendant Martinelli created the mail order agreement and the language relating to the cancellation policy. Defendant DeRiggi played no role in creating the same. Defendant DeRiggi did not have authority to set company policy regarding the cancellation policy. As set forth above, Defendant DeRiggi played no part in speaking with customers and made no representations to customers regarding the cancellation policy.

There is no genuine issue of material fact regarding Count VII and Defendant DeRiggi is entitled to judgment as a matter of law on Count VII.

### CONCLUSION

For the foregoing reason, Plaintiff cannot establish by any standard that Defendant Barbara DeRiggi participated in the Corporate Defendants alleged deceptive acts or practices, or had the authority to control them. As there is no genuine issue of

11

material fact regarding Plaintiff's claims, DeRiggi is entitled to judgment as a matter of law on all counts and the Complaint should be dismissed in its entirety and with prejudice as it relates to Defendant Barbara DeRiggi.

                                                Respectfully submitted,

                                                s/ Anthony E. Patterson
                                                Anthony E. Patterson, Esquire
                                                Pa. I.D. No. 72881

                                                36th Floor, Grant Building
                                                Pittsburgh, PA 15219
                                                (412) 281-2704 – Phone
                                                (412) 281-4059 – Facsimile

                                                Attorney for Defendant,
                                                Barbara DeRiggi

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the within Opposition to Motion for Preliminary Injunction has been served via electronic filing this 7th day of May, 2008, upon all counsel of record.

                                         /s Anthony E. Patterson
                                         Anthony E. Patterson, Esquire