IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MAGAZINE SOLUTIONS, LLC, *et al.* )<br>)<br>Defendants. ) | Civil Action No. 7-692 |

AMBROSE, Chief District Judge

## OPINION
### and
## ORDER OF COURT

The Defendants filed a Joint Motion in Limine to Exclude Whois Domain Registration Record for www.Unitedpublishersservice.com (PX 43). See Docket No. [177]. The exhibit is a printout of an internet web page and includes Defendant Barbara DeRiggi's name as the "Organisation Name" and the "Admin Name." "Barbaraderiggi@unitedpublisherservice.com" is provided as the "Admin Email" as well. The Defendants seek to exclude this exhibit as hearsay under Federal Rules of Evidence 801 and 803 and as not properly authenticated under Rules 901 and 902.

I agree with the Defendants that the web printout is an out of court statement which is relevant only if offered to prove the truth of the matters asserted therein - i.e., Barbara DeRiggi's connection with United Publishers. As such, the printout constitutes hearsay within the meaning of the Federal Rules of Evidence. See United States v. Jackson, 208 F.3d 633, 637 (7th Cir. 2000) (stating that "web postings were not statements made by declarants testifying at trial, and they were being offered to prove the truth of the matter asserted. That means they were hearsay."). Significantly the FTC offers no response to the Defendants'

1

hearsay argument. Rather the FTC only addresses the issue of authentication.

Because I find the exhibit to constitute inadmissible hearsay, I need not address the Defendants' authentication argument.

AND NOW, this 10th day of March, 2009, the Motion in Limine (Docket No. 177) is GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose,
Chief U.S. District Judge