IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MAGAZINE SOLUTIONS, LLC, et al. )<br>)<br>Defendants. ) | Civil Action No. 7-692 |

AMBROSE, Chief District Judge

## OPINION
### and
## ORDER OF COURT

Plaintiff Federal Trade Commission ("FTC") filed a Motion in Limine to Pre-Admit Consumer Complaints, the Declaration of David N. Kirkman and Consumer Declarations into Evidence at Trial Pursuant to Federal Rule of Evidence 807. See Docket No. [175]. Specifically, the FTC seeks to pre-admit: (1) over 300 complaints from 277 consumers about the Defendants' practices, comprised of complaints submitted to the Better Business Bureau of Western Pennsylvania, the Pennsylvania Attorney General's Office, and the Defendants themselves; (2) the declaration of David N. Kirkman, Assistant Attorney General for the State of North Carolina which attaches eight complaints sent to the North Carolina Attorney General; and (3) sworn declarations from 28 of Defendants' customers. The Defendants oppose the Motion and have filed a Joint Motion in Limine to Exclude the Declaration of David N. Kirkman and Exhibits Thereto (see Docket No. [171]), Joint Motion in Limine to Exclude Customer Declarations (see Docket No. [173]) and Joint Motion in Limine to Exclude Consumer Complaints and Defendants' Responses (See Docket No. 189]).

After careful considerations and for the reasons set forth below, the FTC's Motion is

1

granted and the Defendants' Joint Motions are denied.

## Analysis

Rule 807 of the Federal Rules of Evidence provides for the admission of evidence not otherwise covered by Rules 803 or 804 but which has equivalent guarantees of trustworthiness if a court determines that: (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of the rules and interests of justice would best be served by the admission of the statement into evidence. Rule 807 also requires that a party intending to seek use of this catch-all exception give fair notice to the opposing party. This residual hearsay exception should be used only rarely and in exceptional circumstances. See United States v. Bailey, 581 F.2d 341, 347 (3d Cir. 1978).

(A) Consumer Complaints[1]

I agree with the FTC that the consumer complaints have sufficient guarantees of trustworthiness to permit admission under Rule 807. The declarants are known and named. See Bohler - Uddeholm America, Inc. v. Ellwood Group, Inc., 247 F.3d 79, 113 (3d Cir. 2001). The relevant statements contained therein were made based upon personal knowledge. Aamco Transmission Inc. v. Baker, 591 F. Supp.2d 788, 799 (E.D. Pa. 2008). Further, though the statements were not made under oath or penalty of perjury,[2] they were made to governmental

---

[1] The FTC argues, and I agree, that the Defendants' individualized letters and form letters addressed to consumers themselves, the Better Business Bureau and / or the Attorney General's Office need not qualify for admission under Rule 807. These documents constitute admissions of party opponents and are admissible under Rule 801(d)(2). Additionally, the consumer complaints themselves would be admissible, if not under Rule 807 to establish the truth, then for the purpose of establishing notice to the Defendants that consumers were complaining.

[2] The Defendants urge that the consumer complaints and declarations cannot be trustworthy because they are contradicted by the audiotapes. While the audiotapes may in fact

2

agencies and / or consumer agencies with the apparent expectation that action would follow based upon the representations. This gives me a measure of confidence in the truth of the assertions. Additionally, I find compelling the fact that so many of the complaints corroborate each other, at least in terms of the Defendants' overall representations regarding the value of the coupons, the binding nature of the contracts, the cancellation policy and the intent to pursue legal action. The consistency of the representations again reinforces the trustworthiness of the complaints. Moreover every indication is that the complaints were also made spontaneously, another indication of their trustworthiness. Aamco, 591 F. Supp.2d at 798. Other courts have also found consumer complaints to have sufficient guarantees of trustworthiness under Rule 807 to permit admission. See FTC v. Figgie International Inc., 994 F.2d 595 (9th Cir. 1993)[3] (finding that letters of complaint sent to the FTC had "circumstantial guarantees of trustworthiness because they were sent independently to the FTC from unrelated members of the public, they all reported roughly the same experience which suggested truthfulness and they had no motive to lie about the price they paid); see also FTC v. Cyberspace.com, Civ. No. 0-1806, 2002 WL 32060289 (W.D. Wash. July 10, 2002) (quoting Figgie and admitting emails and letters of complaint under Rule 807).

I also agree with the FTC that the consumer complaints will be offered as evidence of material facts. As the FTC represents, the complaints contain evidence in part of the Defendants' representations regarding the value of the coupons promised and the value actually received. The evidence will also be probative regarding representations about the

---

contradict portions of the complaints and declarations, I understand the FTC's argument that the audiotapes were partial in nature and did not record the entire conversation. Accordingly, the existence of the audiotapes and what is contained thereon would go to the weight of the evidence, not the admissibility.

[3] The Figgie decision addressed admission under Rule 807's predecessor - Rule 803(24).

3

cancellation policy, the consumers' obligation to pay for services and the Defendants' intentions to pursue legal action. Because the complaints also show the widespread nature of the Defendants' representations, they are material with respect to the issue of customer redress as well.

The evidence is particularly probative because the Defendants themselves concede that they failed to retain all records of customer complaints in their database. See Rushnock Dep., p. 60 (explaining that data was purged) and Admissions (admitting that the Defendants did not retain copies of all complaints received). Nor did the Defendants retain records of all letters they themselves sent to consumers. See DeRiggi Dep., p. 57-66. Because the Defendants did not keep complete records, this evidence cannot be obtained elsewhere through reasonable efforts. Admission of the consumer complaints would also eliminate the needless expense of bringing in hundreds of consumers from across the country to testify to what is essentially already written down in complaint form.

I also conclude that the general purpose of the Rules of Evidence and the interests of justice would best be served by the admission of the complaints because they would assist this Court in determining the truth. See Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc., 247 F.3d 79, 113 (3d Cir. 2001).

Finally, I have determined that the Defendants were given fair and adequate notice of the FTC's intent to use this evidence. The FTC identified the exhibits in its Pretrial statement. See Docket No. [166]. Additionally, the FTC filed the pending Motion in Limine. The Defendants have known of the customer complaints since the preliminary injunction hearing and had ample time to contact those customers directly.

(B) Kirkman Declaration and Exhibits

The FTC seeks to admit the Kirkman declaration pursuant to Rule 807 only for the purpose of authenticating the documents attached thereto. Having carefully reviewed the

4

Kirkman declaration, I agree that it carries sufficient guarantees of trustworthiness to be admissible under Rule 807. The declaration was made under penalty of perjury and in anticipation of litigation. The declaration was made voluntarily. Kirkman speaks of matters of personal knowledge - he personally knows both that the North Carolina Attorney General's Office instituted civil proceedings against the Defendants and obtained a consent judgment[4] and he personally knows his office's procedure for handling complaints. The Defendants have also had the opportunity to contact Kirkman and question him about the declaration. He is not a party to the litigation and therefore the Defendants are not prohibited from contacting him directly.

The consumer complaints attached to Kirkman's declaration are trustworthy for the same reasons as are those identified above. Both Kirkman's declaration and the documents attached thereto are material and probative for the same reasons discussed above and the admission of such evidence would serve the interests of justice and the purposes of the Rules of Evidence for the same reasons. Finally, as evidenced by the filing of Motions on the issue, the Defendants have had ample and fair notice of the FTC's intent to use this material.

(C) Consumer Declarations[5]

I reach the same conclusions with respect to the consumer declarations. In addition to being trustworthy for the reasons set forth above with respect to the consumer complaints (i.e., the declarants are known and named, the events described are based upon personal

---

[4] The FTC urges that this Court can take judicial notice of the North Carolina civil judgment and consent pursuant to Rule 201 "to establish the fact of the litigation and actions of the court." See Trevino v. MERSCORP, Inc., 583 F. Supp.2d 521, 527 (D. Del. 2008). The FTC intends to use the evidence to establish that the Defendants have been sued previously for similar issues. The Defendants do not dispute that this Court can take judicial notice under Rule 201 of the civil complaint and consent.

[5] The Defendants argue that the Cordes Declaration (PX39) does not constitute a "declaration." The FTC's submissions make clear that it does not seek the admission of this exhibit.

5

experience and knowledge, the facts set forth in the declarations roughly corroborate each other with respect to the Defendants' representations), these declarations have additional guarantees of trustworthiness. They were made under oath, subject to the penalty of perjury and in anticipation of litigation. See FTC v. Amy Travel Services, Inc., 875 F.2d 564, 576-77 (7th Cir. 1989) (affirming the trial court's admission of consumer affidavits under the residual hearsay exception) and FTC v. Kitco Nevada, Inc., 612 F. Supp. 1282, 1294 (D. Minn. 1985) (admitting consumer affidavits under the residual hearsay exception). As stated above, the declarations speak to material facts and are more probative than other readily available materials. Having this relevant information available to the Court would serve the interests of justice and would further the purposes of the Federal Rules of Evidence.

## Conclusion

I have reviewed the exhibits submitted by both sides and find them to be of the type contemplated by Rules 803 and 804 and having equivalent guarantees of trustworthiness to permit admission under Rule 807. The exhibits are offered as evidence of material facts and are more probative on the point for which they are offered than any other evidence which the FTC can obtain through reasonable efforts (or in some cases can obtain at all). It would be cumbersome and unnecessarily expensive to bring hundreds of consumers in from across the country for live testimony. This is a non-jury trial and this Court is competent to exercise its experience and discretion in determining the weight which should be given to this evidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>  vs.<br><br>MAGAZINE SOLUTIONS, LLC, *et al.*<br><br>  Defendants. | Civil Action No. 7-692 |

AMBROSE, Chief District Judge

## ORDER OF COURT

AND NOW, this **16th day of March, 2009**, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Plaintiff's Motion in Limine to Pre-Admit Consumer Complaints, the Declaration of David N. Kirkman and Consumer Declarations into Evidence at Trial Pursuant to Federal Rule of Evidence 807 (Docket No. [175]) is GRANTED. The Defendants' opposing Joint Motions in Limine (Docket Nos. [171], [173] and [189] are DENIED.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose,
Chief U.S. District Judge