IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 7-692 |
| | ) | |
| MAGAZINE SOLUTIONS, LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

AMBROSE, Chief District Judge

# OPINION
## and
## ORDER OF COURT

Defendants have filed a Joint Motion in Limine to Exclude the Testimony of Warren King. See Docket No. [187]. As the Defendants recount, the FTC indicates on its Pretrial Statement that it intends to call Warren King ("King"), the President of the Better Business Bureau ("BBB") of Western Pennsylvania, as a liability witness during trial. The Defendants seek to prevent King from testifying pursuant to Federal Rule of Evidence 602.

Rule 602 provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. The Defendants insist that King cannot have personal knowledge of things that occurred at the BBB before his date of hire on June 15, 2005. His Declaration references several things occurring before this date, such as the date the BBB became aware of Magazine

1

Solutions, the date the BBB opened its file on Magazine Solutions and Joseph Martinelli and dates upon which the BBB received reports on all the Defendants. See King Declaration, Docket No. 188-2. The Defendants also object to King's summary of complaints made by consumers which are contained in the BBB files and the Defendants' responses thereto.

After careful consideration, I find the Defendants' arguments unconvincing. It is clear from King's Declaration that his anticipated testimony is geared toward establishing the BBB's procedures in maintaining records and what is contained in those records. He can testify generally regarding the methods of handling consumer complaints and responses thereto. Certainly he need not have been the person who physically opened each complaint in order to testify as to what is contained in the BBB's files. Further, the specific complaints are themselves admissible to show that the Defendants were on notice of the allegations at issue and the Defendants' responses thereto are admissible as admissions. King's summary of the same is admissible pursuant to Federal Rule of Evidence 1006.

Accordingly, on this 20th day of March, 2009, the Defendants' Joint Motion in Limine to Exclude the Testimony of Warren King (Docket No. [187]) is DENIED. If the Defendants have an objection to a particular line of questioning at trial they may raise it at that time.

BY THE COURT:

/s/<u>Donetta W. Ambrose</u>
Donetta W. Ambrose,
Chief U.S. District Judge