IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FEDERAL TRADE COMMISSION,            )
                                     )
    Plaintiff,                       )
                                     )
vs.                                  )     Civil Action No. 7 -692
                                     )
MAGAZINE SOLUTIONS, LLC, *et al.*    )
                                     )
    Defendants.                      )

AMBROSE, Chief District Judge

# OPINION
## and
# ORDER OF COURT

Defendants filed a Joint Motion in Limine to Exclude a 2003 Memo from Brian Blatstein. See Docket No. [183]. The Defendants insist that the Memo is not relevant to the matters at issue in this litigation and as such is subject to exclusion pursuant to Federal Rules of Evidence 401 and 402. The FTC disagrees.

The Memo is authored by Brian Blatstein, the Defendants' corporate counsel. Blatstein informs the Defendants that:

> [b]asically as far as legally enforcing this agreement it is impossible. The courts will not recognize the taped verification because of the statute.

See Docket No. 183-2. Thus, Blatstein states in no uncertain terms that the agreement is unenforceable and that the taped verifications are insufficient evidence of a binding contract under the Uniform Commercial Code.

1

The FTC urges that the Memo is relevant both for establishing individual liability and for establishing permanent injunctive relief. The Defendants do not dispute that individual liability and permanent injunctive relief remain issues in this litigation. Thus the question before me is whether the Memo is relevant to these issues.

"Relevant evidence" means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. I agree with the FTC that the Memo is relevant to matters at issue in this litigation. Specifically, to hold the individual Defendants liable for the corporate Defendants' actions, the FTC must prove that the individual Defendants had knowledge of the corporations' deceptive practices. See FTC v. Amy Travel Service, Inc., 875 F.2d 564 (7th Cir. 1989).[1] The Memo would tend to establish that those individuals who were familiar with its contents knew that the agreements with consumers were not legally enforceable and that the

---

[1] I find the Defendants' reliance upon Amy Travel to be misplaced. In Amy Travel the trial court excluded evidence of advice of counsel - a decision the Seventh Circuit court affirmed on appeal. The defendants urged that the evidence was relevant to their claim that they did not have sufficient knowledge of deceptive practices to be found individually liable. The trial court concluded that "reliance on advice of counsel was not a valid defense on the question of knowledge; counsel could not sanction something that the defendants should have known was wrong. The defendants wrote or reviewed many of the scripts that were found to be deceptive and they were undoubtedly aware of the avalanche of consumer complaints." Amy Travel, 875 F.2d at 575. Here, nobody intends to use "legal advice" as a defense or shield, rather, the FTC intends to use it to establish knowledge. For this reason I find the decision in Amy Travel to be distinguishable.

representations to consumers that they were obligated to pay were deceptive.

Additionally, to establish the need for permanent injunctive relief, the FTC must prove that the violation is ongoing and / or that there is a cognizable danger of a recurrent violation. See FTC v. Davison & Assoc., 431 F. Supp.2d 548, 560 (W.D. Pa. 2006), citing, U.S. v. W.T. Grant Co., 345 U.S. 629, 633 (1953). In making a determination as to whether a danger exists of a recurrent violation, a Court may consider the deliberateness of a violation and the violator's past record. See FTC v. Hang-Ups Art Enterprises, Inc., Civ. No. 95-0027, 1995 WL 914179 at * 3 (C.D. Cal. Sept. 27, 1995), citing, Sears, Roebuck and Co. v. FTC, 676 F.2d 385, 392 (9th Cir. 1982). The Memo tends to suggest that the Defendants' misrepresentations regarding consumers' legal obligations to pay were deliberate, knowing and intentional. Therefore the Memo would help establish the need for strong permanent injunctive relief.

Accordingly, this 20th day of March, 2009, the Defendants' Joint Motion in Limine to Exclude 2003 Memo from Brian Blatstein (Docket No. [183]) is DENIED.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge