IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FEDERAL TRADE COMMISSION, )
)
    Plaintiff, )
)
vs. )    Civil Action No. 7-692
)
MAGAZINE SOLUTIONS, LLC, *et al.* )
)
    Defendants. )

AMBROSE, Chief District Judge

# OPINION
## and
## ORDER OF COURT

Defendants have filed a Joint Motion in Limine to Exclude Complaint in *Pennsylvania v. United Publishers' Service, Inc*. (PX5) and Order, Complaint and Assurance of Discontinuance in *State of West Virginia v. United Publishers' Service, Inc.* (PX 87). See Docket No. [185]. The Defendants contend that the Complaints and Assurance are irrelevant and inadmissible hearsay and should therefore be excluded under the Federal Rules of Evidence. The FTC counters that the Complaints are relevant because they show the similarity of the allegations between those Complaints and the matters before this Court and the fact that the Defendants had notice of the same. With respect to the hearsay challenge, the FTC again repeats that the Complaints and Assurance are offered not for the truth of the matters asserted but for the purposes of establishing notice.

After careful consideration, I agree with the FTC that the Complaints and Assurance are both relevant and non-hearsay. As I observed in my Opinion and

Order disposing of the Defendants' Joint Motion to Exclude the Brian Blatstein Memo (Docket No. [215]), issues of individual liability and the possible need for permanent injunctive relief remain in this case. To hold the individual Defendants liable for the corporate Defendants' actions, the FTC must prove that the individual Defendants had knowledge of the corporations' deceptive practices. See FTC v. Amy Travel Service, Inc., 875 F.2d 564 (7th Cir. 1989). Additionally, to establish the need for permanent injunctive relief, the FTC must prove that the violation is ongoing and / or that there is a cognizable danger of a recurrent violation. See FTC v. Davison & Assoc., 431 F. Supp.2d 548, 560 (W.D. Pa. 2006), citing, U.S. v. W.T. Grant Co., 345 U.S. 629, 633 (1953). In making a determination as to whether a danger exists of a recurrent violation, a Court may consider the deliberateness of a violation and the violator's past record. See FTC v. Hang-Ups Art Enterprises, Inc., Civ. No. 95-0027, 1995 WL 914179 at * 3 (C.D. Cal. Sept. 27, 1995), citing, Sears, Roebuck and Co. v. FTC, 676 F.2d 385, 392 (9th Cir. 1982).

      The Pennsylvania Complaint contains, among other things, allegations that the Defendants misrepresented the value of coupons, misrepresented their cancellation policy and misrepresented the total cost of the magazine subscription. See Docket No. [185-2]. The West Virginia Complaint contains allegations that the Defendants failed to abide by the terms of an earlier Assurance of Discontinuance. See Docket No. [185-4]. In the Assurance of Discontinuance, the Defendants agreed, without admitting that any of its prior acts violated the West Virginia Consumer Credit and Protection Act, to honor the

buyer's right to cancel certain subscriptions as provided by the West Virginia Code; to cease its practice of "binding arbitrations"; to discontinue telling purchasers of multiple magazine subscriptions that they are not permitted to cancel those subscriptions. See Docket No. 185-4, p. 18-20.

Thus, both Complaints and the Assurance are relevant for the purpose of demonstrating that the Defendants (both individual and corporate) were on notice regarding the allegedly deceptive practices similar to those at issue here. Further, the evidence is relevant because it suggests that the Defendants were aware of such allegations over a long period of time yet failed to correct such actions, indicating that strong permanent injunctive relief is required. Finally, because the evidence would be admissible for purposes of establishing notice, the hearsay objection is unpersuasive.

AND NOW, this 20th day of March, 2009, the Defendants' Joint Motion in Limine (Docket No. 185) is DENIED.

BY THE COURT:

/s/<u>Donetta W. Ambrose</u>
Donetta W. Ambrose,
Chief U.S. District Judge