IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| Federal Trade Commission, | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | Civil Action No. 7-692 |
| v. | ) | |
| | ) | |
| Magazine Solutions, LLC et al, | ) | |
| Defendants. | ) | |

Judge Donetta W. Ambrose

## MEMORANDUM OPINION AND ORDER

Defendants Barbara DeRiggi and Joseph Martinelli filed a Motion for Award of Counsel Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket No. [245]). Specifically, DeRiggi and Martinelli seek an award of $57,287.90 in legal fees and costs which Martinelli paid on DeRiggi's behalf in her successful defense of the claims brought against her by the FTC. The FTC opposes the Motion. For the reasons set forth below, I agree with the FTC that an award is not warranted.

"Under the EAJA, the 'prevailing party' in a civil action against the United States is entitled to an award of attorney's fees and other costs, 'unless the court finds that the position of the United States was substantially justified or that special circumstances[1] make an award unjust.'" Ruiz v. Commissioner of Social Security, 189 Fed. Appx. 112, 113, 2006 WL 1749536 at * 1 (3d Cir. 2006), quoting, 28 U.S.C. § 2412(d)(1)(A). The Government bears the burden of demonstrating that its position, both at the agency

---

[1] The Government argues, persuasively, that "special circumstances" might make the award of attorney's fees otherwise unjust. For instance, DeRiggi did not herself incur the fees and repayment of the fees to her would necessarily constitute a windfall. Further, were DeRiggi to remit the fees and costs to Martinelli, who actually bore the expense, it might similarly prove unjust because he was found liable yet has not made any payment on the outstanding judgment entered against him. I decline to reach these alternative arguments, however, because I find the FTC's position to have been "substantially justified."

1

stage and the litigation stage, was substantially justified. See Valladolid v. Commissioner of Social Security, 29 Fed. Appx. 861, 862 (3d Cir. 2002). "A position is 'substantially justified' when it is 'justified in substance to a degree that could satisfy a reasonable person.'" Ruiz v. Commissioner of Social Security, 262 Fed. Appx. 379, 380, 2008 WL 241348 at * 1(3d Cir. 2008), quoting, Pierce, 487 U.S. at 565, 108 S. Ct. 2541. Thus, the FTC's position would be substantially justified if it had a reasonable basis in both law and fact." Ruiz, 262 Fed. Appx. At 380-81, quoting, Morgan v. Perry, 142 F.3d 670, 684 and Hanover Potato Prods. Inc. v. Shalala, 989 F.2d 123, 128 (3d Cir. 1993). Thus, the FTC must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced. Id. at 381.

The FTC more than satisfied these requirements. Its legal theory for holding DeRiggi liable for the Corporate Defendants' deceptive conduct was one well-grounded in established law – that she directly participated in the illegal telemarketing scheme and / or had the authority to control those who did.2 The FTC also had more than adequate factual support upon which to base this legal theory. Indeed, before commencing this litigation, the FTC issued a Civil Investigative Demand ("CID") to the Corporate Defendants. As a result of the CID, the FTC garnered information indicating that DeRiggi was involved in the drafting and reviewing of the telemarketing scripts (See PX 11) that this Court ultimately found violated Section 5 of the FTC Act and the TSR.

---

[2] An individual may be held liable under the FTC Act if the FTC can demonstrate that "'the individual defendant participated directly in the practices or acts or had authority to control them.'" Federal Trade Commission v. Chiney, Civ. No. 5-3460, 2007 WL 1957270 at * 6 (D. N.J. July 5, 2007), quoting, FTC v. Amy Travel Service, Inc., 875 F.2d 564, 573 (7th Cir. 1979). "Authority to control the company can be evidenced by active involvement in business affairs and the making of corporate policy, including assuming the duties of a corporate officer." Id. (quotations omitted). The FTC must also "prove that the individual defendants either knew or should have known about the deceptive practices, but is not required to prove subjective intent to defraud." FTC v. World Media Brokers, 415 F.3d 758, 764 (7th Cir. 2005), citing, Amy Travel, 875 F.2d 573-74.

2

The Corporate Defendants also produced in response to the CID an organizational chart indicating that the managers of both the telemarketing and credit / customer service departments reported to DeRiggi. See PX11. Indeed, the chart identified DeRiggi as the most senior corporate manager, reporting directly to Martinelli. Id. The corporate website similarly identified DeRiggi as the "General Manager" of Magazine Solutions. See PX7, PX7B, PX7C. This evidence all suggests that she had the authority to control the business practices and acts, and knew or should have known of the deceptive practices.

During litigation, in addition to this evidence, the FTC proffered evidence indicating that DeRiggi made personal shareholder loans to United Publishers' Service, Inc., from a personal bank account she shared with Martinelli. See PX99. Again, as a corporate "owner," DeRiggi arguably had the authority to control the corporate entities and knew or should have known of the deceptive conduct. Indeed, the evidence proffered by the FTC helped it to survive DeRiggi's summary judgment challenge. This speaks to the reasonable basis in truth of the facts alleged, the reasonable basis in law for the theory advanced, and the reasonable connection between the facts alleged and the theory propounded. See United States v. Touvenot, Wade & Moerschen, 596 F.3d 378, 382 (7th Cir. 2010) (stating that "consistent with this standard, there is a presumption that a government case strong enough to survive both a motion to dismiss and a motion for summary judgment is substantially justified."), citing, EEOC v. Liberal R-II School District, 314 F.3d 920, 926 (8th Cir. 2002) (finding an award of fees under EAJA inappropriate where the EEOC presented sufficient evidence of discrimination under ADEA to avoid summary judgment).

DeRiggi's contention that the FTC's position cannot have been "substantially justified" because: (1) DeRiggi disputed the FTC's factual assertions from the beginning and (2) the court ultimately found in her favor, is unpersuasive. As the Third Circuit has made clear, the EAJA is not a "loser pays" statute. See Morgan v. Perry, 142 F.3d 670, 685 (3d Cir. 1998). Here, after considering the totality of the circumstances, the Court found DeRiggi's explanation of her duties and roles, and of the evidence which was susceptible to multiple interpretations, to be credible. Thus, though DeRiggi ultimately prevailed, the FTC was substantially justified in initiating and maintaining the proceedings against her. As such, an award of fees and costs under the EAJA is not warranted.

AND NOW, this 12th day of October, 2010, the Motion for an Award of Counsel Fees (Docket No. [245]) is denied.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. District Judge